IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CR-289-D
No. 5:25-CV-141-D

| | | |
|---|---|---|
| TYRONE FOREMAN | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On February 12, 2025, Tyrone Foreman ("Foreman" or "petitioner"), proceeding pro se, moved for an extension of time to file a motion under 28 U.S.C. § 2255 [D.E. 348]. On March 11, 2025, Foreman moved to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255 [D.E. 350]. On December 23, 2025, Foreman moved to supplement his section 2255 motion [D.E. 358]. On February 4, 2026, Foreman filed a supplemental memorandum of law in support of his section 2255 motion [D.E. 362]. On February 9, 2026, the United States moved to dismiss Foreman's section 2255 motion [D.E. 364] and filed a memorandum in support [D.E. 365]. On the same day, the court notified Foreman of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 366]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On February 23, 2026, Foreman responded in opposition [D.E. 367]. As explained below, the court grants respondent's motion to dismiss, dismisses Foreman's section 2255 motion, denies a certificate of appealability, and denies as moot Foreman's remaining motions.

## I.

On June 14, 2021, by criminal complaint, the United States charged Foreman with one count of conspiracy to distribute and possess with the intent to distribute 40 grams or more of a mixture and substance containing fentanyl and heroin. See [D.E. 1]. On July 13, 2021, a grand jury in the Eastern District of North Carolina returned an indictment charging Foreman with conspiracy to distribute and possess with the intent to distribute a quantity of heroin, a quantity of marijuana, and a quantity of fentanyl; possession with the intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin and fentanyl; possession with the intent to distribute heroin and marijuana; and conspiracy to commit mail and wire fraud. See [D.E. 5] 1–6.

On October 14, 2021, the grand jury returned a superseding indictment charging Foreman with conspiracy to distribute and possess with the intent to distribute 1,000 grams or more of heroin, a quantity of marijuana, and 400 grams or more of fentanyl; possession with the intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin and fentanyl; possession with the intent to distribute quantities of heroin and marijuana; conspiracy to commit mail and wire fraud; aggravated identity theft; and conspiracy to make false statements to a federally licensed firearms dealer. See [D.E. 85] 1–9. On March 23, 2022, the court held Foreman's arraignment and Foreman pleaded not guilty to all counts against him in the superseding indictment. See [D.E. 143, 303].

On August 5, 2022, by superseding information, the United States charged Foreman with conspiracy to distribute and possess with the intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin and a quantity of marijuana, and 400 grams or more of a mixture containing a detectable amount of fentanyl in violation of 21 U.S.C.

2

§§ 841(a)(1) and 846 (count one); possession with the intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin and fentanyl in violation of 21 U.S.C. § 841(a)(1) (count two); and conspiracy to commit mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, and 1349 (count three). See [D.E. 204] 1–5. On August 10, 2022, with a written plea agreement, Foreman pleaded guilty to counts one, two, and three. See [D.E. 207]; [D.E. 209]; [D.E. 210]; Rule 11 Tr. [D.E. 304].

On March 31, 2023, the court held Foreman's sentencing hearing. See [D.E. 272, 305]. The court adopted the facts as set forth in the Presentence Investigation Report ("PSR") and resolved Foreman's objections. See PSR [D.E. 260] 31–32; [D.E. 272]; [D.E. 275] 1; Sent. Tr. [D.E. 305] 7–18. The court calculated Foreman's total offense level to be 41, his criminal history category to be IV, and his advisory guideline range to be 360 months' to life imprisonment. See PSR ¶¶ 120–45, 147; Sent. Tr. 18; [D.E. 275] 1. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Foreman to 360 months' imprisonment on count one and 240 months' imprisonment on counts two and three to be served concurrently with the sentence on count one. See Sent. Tr. 18–59; [D.E. 274] 3. On April 17, 2023, Foreman appealed. See [D.E. 276]. On November 16, 2023, the United States Court of Appeals for the Fourth Circuit found that Foreman knowingly and voluntarily entered the appellate waiver in his plea agreement, enforced the appellate waiver, and dismissed Foreman's appeal. See [D.E. 315] 1; [D.E. 316] 1. On December 8, 2023, the Fourth Circuit's mandate issued. See [D.E. 317]. Foreman did not file a petition for a writ of certiorari to the United States Supreme Court.

On November 26, 2024, Foreman moved for extension of time to file a section 2255 motion. See [D.E. 346]. On January 30, 2025, the court granted the motion but informed Foreman that "the court is not stating that any section 2255 motion will be considered timely." [D.E. 347] 1.

3

## II.

Foreman contends that his trial counsel was ineffective by depriving him of his rights to a fair trial and to appeal. See [D.E. 350] 4–5.[1] Foreman alleges that his counsel was ineffective for failing to advise him that a conspiracy conviction under 21 U.S.C. § 846 is not a controlled substance offense, and that counsel's failure to provide him this information rendered his guilty plea not knowing and voluntary. See [D.E. 362] 2–3. Foreman also argues that he is "actually innocent" of his 360-month sentence and that the statutory maximum on count one is ten years. [D.E. 367] 2.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a section 2255 motion's legal and factual sufficiency. Fed. R. Civ. P. 12(b)(6); see Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a section 2255 motion's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without

---

[1] Foreman also contends that he was "deprived of an opportunity to raise an ineffective assistance of counsel claim [on] direct appeal, and he was deprived of counsel to prepare a . . . collateral review motion." [D.E. 350] 5. Ineffective assistance of counsel claims are not cognizable on direct appeal absent circumstances not present in this case. See, e.g., United States v. Maynes, 880 F.3d 110, 113 n.1 (4th Cir. 2018); United States v. Faulls, 821 F.3d 502, 507–08 (4th Cir. 2016). And there is no right to counsel to prepare a collateral review motion. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013). Thus, the court rejects these contentions.

4

converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013); United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993); Raines v. United States, 423 F.2d 526, 529–30 (4th Cir. 1970) (per curiam). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

Foreman's section 2255 motion is untimely. Section 2255(f) contains a one-year statute of limitations. See 28 U.S.C. § 2255(f). Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2255(f)(1)–(4); see Johnson v. United States, 544 U.S. 295, 299–300 (2005); United States v. Green, 67 F.4th 657, 663 (4th Cir. 2023); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc). Under section 2255(f)(1), after an unsuccessful appeal, a "judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003); see United States v. Brown, 868 F.3d 297, 301 (4th Cir. 2017). Foreman's judgment of conviction became final no later than February 14, 2024, 90 days after the Fourth Circuit entered judgment on November 16, 2023. See Sup. Ct. R. 13(1); Clay, 537 U.S. at 525; [D.E. 317]. Therefore,

5

Foreman had one year from February 14, 2024, to timely file his section 2255 motion. But Foreman did not place his section 2255 motion in the prison mailing system until February 28, 2025, and the court did not receive it until March 11, 2025. See [D.E. 350] 12; Houston v. Lack, 487 U.S. 266, 275–76 (1988). Moreover, none of the conditions enumerated in section 2255(f)(2)–(4) are present, and nothing in Foreman's motion suggests that equitable tolling applies. And the court told Foreman, when it granted Foreman's motion to extend the time to file a section 2255 motion, that if he wished to file a section 2255 motion, "the court is not stating that any section 2255 motion will be considered timely." [D.E. 347] 1. Thus, Foreman's section 2255 motion is untimely.

Alternatively, even if Foreman's motion was timely filed, the court would dismiss the motion. Foreman's motion fails to state the facts supporting each ground he intends to raise. See [D.E. 350] 4–5; cf. Jackson v. Dameron, __ F.4th __, 2026 WL 860089, at *5–6 (4th Cir. 2026); Dyess, 730 F.3d at 359 ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (citation omitted)).

The appellate waiver in Foreman's plea agreement bars Foreman's claims to the extent they are not based on ineffective assistance of counsel. See [D.E. 358-1] 2–3; [D.E. 358-3] 2–3; [D.E. 362] 2–3; [D.E. 205] ¶ 2c. In the waiver, Foreman agreed:

> [t]o waive knowingly and expressly the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law

Id. In light of Foreman's Rule 11 proceeding, and the Fourth Circuit's conclusion that Foreman knowingly and voluntarily waived his right to appeal, the appellate waiver is enforceable. See

6

[D.E. 207]; [D.E. 304]; [D.E. 315]; United States v. Richardson, 146 F.4th 394, 398 (4th Cir. 2025); United States v. Smith, 134 F.4th 248, 257 (4th Cir. 2025); United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012). Thus, the appellate waiver precludes Foreman's claims which are not based on ineffective assistance of counsel.

Alternatively, Foreman asserts that his sentence on count one exceeded the applicable statutory maximum. See [D.E. 362] 2. The statutory maximum sentence for Foreman's section 846 conspiracy conviction was life imprisonment. See PSR ¶ 146; 21 U.S.C. §§ 841(b)(1)(A), 846. Thus, Foreman's 360-month sentence on count one does not exceed the statutory maximum, and he is not actually innocent of that sentence.

As for Foreman's ineffective assistance claims, the "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 582 U.S. 357, 363–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984); United States v. Mayhew, 995 F.3d 171, 176 (4th Cir. 2021). Because "[a]n ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, . . . the Strickland standard

must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve." Harrington v. Richter, 562 U.S. 86, 105 (2011) (quotations omitted); see Weaver v. Massachusetts, 582 U.S. 286, 302–03 (2017); Jackson v. Kelly, 650 F.3d 477, 493 (4th Cir. 2011).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. "There is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." Harrington, 562 U.S. at 109 (quotations omitted); see Yarborough v. Gentry, 540 U.S. 1, 8 (2011). A party also must show that counsel's deficient performance prejudiced the party. See Strickland, 466 U.S. at 691–96. A party does so by showing a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694; Glover, 531 U.S. at 203–04.

When a defendant pleads guilty and later attacks his guilty plea, "to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985) (quotations omitted); see Lee, 582 U.S. at 364–65. "[S]uch an individual 'must convince the court' that such a decision 'would have been rational under the circumstances.'" United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)). "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 582 U.S. at 368–69 (cleaned up).

8

"Requiring a showing of prejudice from defendants who seek to challenge the validity of their guilty pleas on the ground of ineffective assistance of counsel [serves] the fundamental interest in the finality of guilty pleas . . . ." Hill, 474 U.S. at 58 (quotations omitted). "Every inroad on the concept of finality undermines confidence in the integrity of our procedures; and, by increasing the volume of judicial work, inevitably delays and impairs the orderly administration of justice." Id. (citation omitted). "The impact is greatest when new grounds for setting aside guilty pleas are approved because the vast majority of criminal convictions result from such pleas." Id. (citation omitted).

"[I]f a defendant alleges that he has accepted a government plea offer based on the erroneous advice of counsel, but entered that plea only after the misadvice was corrected by the trial court at the Rule 11 hearing, then he will not be able to show the necessary causal link between counsel's error and his decision to plead guilty." Mayhew, 995 F.3d at 179–80 (cleaned up); see United States v. Yelizarov, 140 F.4th 597, 604–05 (4th Cir. 2025), cert. denied, No. 25-5669, 2025 WL 2949651 (U.S. Oct. 20, 2025); United States v. Akande, 956 F.3d 257, 262–63 (4th Cir. 2020); United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995). "Generally, a court should dismiss a claim in a [section] 2255 motion that contradicts a petitioner's sworn statements made during a Rule 11 plea colloquy." Yelizarov, 140 F.4th at 605; see United States v. Lemaster, 403 F.3d 216, 219–22 (4th Cir. 2005).

The court rejects Foreman's claim that counsel deprived him of the right to a trial, the right to appeal, and rendered his plea involuntary. During the Rule 11 hearing, Foreman affirmed under oath that he knowingly and voluntarily entered the plea agreement, understood the plea agreement, understood the consequences of pleading guilty, was knowingly and voluntarily pleading guilty, and understood the waiver of rights contained in the plea agreement's appellate waiver. See Rule

11 Tr. 23–27. Foreman's sworn statements during the Rule 11 hearing defeat his claims. See, e.g., Blackledge, 431 U.S. at 74; Lemaster, 403 F.3d at 221–22.

The court also rejects Foreman's claim that Foreman's counsel was ineffective for failing to inform Foreman that a conspiracy conviction is not a controlled substance offense under U.S.S.G. § 4B1.2(b). The court did not apply any sentencing enhancement that required finding that Foreman's section 846 conviction was a controlled substance offense. See PSR ¶¶ 120–45, 147. Counsel had no reason to inform Foreman of this fact. See id. Thus, Foreman fails to allege deficient performance or prejudice.

After reviewing the claims presented in Foreman's motion, the court finds that reasonable jurists would not find the treatment of Foreman's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 364], DISMISSES petitioner's motion to vacate [D.E. 350], DENIES AS MOOT petitioner's other motions [D.E. 348, 358, 362], and DENIES a certificate of appealability.

SO ORDERED. This 23 day of April, 2026.

JAMES C. DEVER III
United States District Judge

10